UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SIDNEY RABINOWITZ, M.D.,<br><br>                    Plaintiff,<br><br>-against-<br><br>UNITED HEALTHCARE INSURANCE COMPANY,<br><br>                    Defendant. | Index No.:<br><br>**COMPLAINT** |

Plaintiff, Sidney Rabinowitz, M.D. ("Plaintiff"), on assignments from Alexander G., Mack R., and Soomyung L., by and through his attorneys, Gottlieb and Greenspan LLC, by way of Complaint against United Healthcare Insurance Company ("Defendant"), alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a New Jersey medical practitioner registered to do business in the State of New Jersey with a principal place of business at 305 Route 17 South, Paramus, New Jersey 07652.

2. Upon information and belief, Defendant is engaged in administering health care plans or policies in the state of New Jersey.

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). The insurance policies at issue are governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. The administrative remedies have been exhausted.

**FACTUAL BACKGROUND**

1

4. Plaintiff is a medical provider who specializes in plastic surgery and often treats patients in emergency situations.

5. On October 13, 2021, Plaintiff performed emergency surgery on Alexander G. ("Patient 1"), a 14-mont-old boy who tripped and fell, suffering blunt trauma to the head and a laceration to the forehead. (*See*, **Exhibit A**, attached hereto.)

6. Patient's emergency medical treatment took place in Valley Hospital, a hospital located in Ridgewood, New Jersey. *Id*.

7. At the time of her treatment, Patient 1 was the beneficiary of an employer-based health insurance plan for which Defendant served as claims administrator.

8. Patient 1 assigned her health insurance rights and benefits to Plaintiff. (See, **Exhibit B**, attached hereto.)

9. Pursuant to the assignment of benefits, Plaintiff submitted a Health Care Financing Administration ("HCFA") medical bill to Defendant seeking payment for Patient 1's treatment in the total amount of $10,167.00. (*See*, **Exhibit C**, attached hereto.)

10. As an out-of-network provider, Plaintiff does not have a network contract with Defendant that would determine or limit payment for Plaintiff's treatment of Defendant's members.

11. In response to Plaintiff's HCFA, Defendant issued payment in the amount of $874.86. (*See*, **Exhibit D**, attached hereto.)

12. Defendant's explanation of benefits ("EOB") indicated that the remaining $9,292.14 of Plaintiff's charges were adjusted and were thus neither Defendant's nor Patient 1's responsibility even though Plaintiff never agreed to any such arrangement. *Id*.

13. Plaintiff subsequently submitted multiple internal appeals to Defendant challenging Defendant's reimbursement as inconsistent with the terms of Patient 1's insurance plan.

14. However, Defendant failed to issue any additional reimbursement in response to Plaintiff's internal appeals.

15. On September 22, 2021, Plaintiff performed emergency surgery on Mack R. ("Patient 2") a six-year-old boy who struck his head and suffered a forehead laceration. (*See*, **Exhibit E**, attached hereto.)

16. At the time of his treatment, Patient 2 was the beneficiary of an employer-based health insurance plan for which Defendant served as claims administrator.

17. Patient 2 assigned his health insurance rights and benefits to Plaintiff. (*See*, **Exhibit F**, attached hereto.)

18. Pursuant to the assignment of benefits, Plaintiff submitted a HCFA medical bill to Defendant seeking payment for the performed treatment in the total amount of $10,167.00. (*See*, **Exhibit G**, attached hereto.)

19. In response to Plaintiff's HCFA, Defendant issued payment in the total amount of $874.90. (*See*, **Exhibit H**, attached hereto.)

20. Defendant's EOB indicated that Plaintiff's remaining charges in the amount of $9,972.70 were neither Defendant's nor Patient 2's responsibility even though Plaintiff never agreed to any such arrangement.

21. Plaintiff submitted multiple internal appeals challenging Defendant's reimbursement as inconsistent with the terms of Patient's insurance plan.

22. However, Defendant failed to issue additional reimbursement in response to Plaintiff's appeals.

23. On December 18, 2021, Plaintiff performed a bone mass biopsy on Soomyug L. ("Patient 3") in Valley Hospital. (*See*, **Exhibit I**, attached hereto.)

24. At the time of his treatment, Patient 3 was the beneficiary of an employer-based health insurance plan for which Defendant served as claims administrator.

25. Patient 3 assigned his health insurance rights and benefits to Plaintiff. (*See*, **Exhibit J**, attached hereto.)

26. Pursuant to the assignment of benefits, Plaintiff submitted a HCFA medical bill to Defendant seeking payment for the performed treatment in the total amount of $9,950.00. (*See*, **Exhibit K**, attached hereto.)

27. In response to Plaintiff's HCFA, Defendant allowed payment in the total amount of $1,496.73, all of which was attributed towards Patient 3's deductible. (*See*, **Exhibit L**, attached hereto.)

28. Defendant's EOB stated that Plaintiff should "not bill the patient above the amount of deductible, copay and coinsurance applied to this service." *Id*.

29. Upon information and belief, under the terms of Patient 3's insurance plan, out-of-network medical treatment is subject to reimbursement in accordance with usual and customary rates.

30. However, Defendant did not comply with Patient 3's plan terms as Defendant did not reimburse Plaintiff's treatment in accordance with usual and customary rates.

31. Rather, Defendant allowed a different payment amount and simply requested that Plaintiff write-off the remainder of its charges.

32. Plaintiff submitted multiple internal appeals to Defendant challenging Defendant's reimbursement allotment as inconsistent with the terms of Patient 3's insurance plan.

33. However, Defendant failed to issue any additional reimbursement in response to Plaintiff's appeals.

34. Upon information and belief, Defendant has failed to issue reimbursement for the medical treatment provided to Patient 1, Patient 2 and Patient 3 in accordance with the terms of their respective insurance plans.

35. When combining the claims for Patient 1, Patient 2, and Patient 3, Defendant underpaid Plaintiff in the total amount of $27,718.11.

36. Accordingly, Plaintiff brings this action for recovery of the outstanding balance, and Defendant's breach of fiduciary duty.

## COUNT ONE

### FAILURE TO MAKE PAYMENTS PURSUANT TO MEMBER'S PLAN UNDER 29 U.S.C. § 1132(a)(1)(B)

37. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 36 of the Complaint as though fully set forth herein.

38. Plaintiff avers this Count to the extent ERISA governs this dispute.

39. Section 502(a)(1), codified at 29 U.S.C. § 1132(a) provides a cause of action for a beneficiary or participant seeking payment under a benefits plan.

40. Plaintiff has standing to seek such relief based on the assignment of benefits obtained by Plaintiff from each Patient.

41. Upon information and belief, Defendant acted in a fiduciary capacity in administering any claims determined to be governed by ERISA.

42. Plaintiff is entitled to recover benefits due to each patient under any applicable ERISA plan or policy.

43. As a result, Plaintiff has been damaged and continues to suffer damages in the operation of its medical practice.

## COUNT TWO

### BREACH OF FIDUCIARY DUTY AND CO-FIDUCIARY DUTY UNDER 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105 (a)

44. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 43 of the Complaint as though fully set forth herein.

45. 29 U.S.C. § 1132(a)(3)(B) provides a cause of action by a participant, beneficiary, or fiduciary to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

46. Plaintiff seeks redress for Defendant's breach of fiduciary duty and/or Defendant's breach of co-fiduciary duty under 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105 (a).

47. 29 U.S.C. § 1104(a)(1) imposes a "prudent man standard of care" on fiduciaries.

48. Specifically, a fiduciary shall discharge its duties with respect to a plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan; (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; (C) by diversifying the investments of the plan so as to minimize the risk of large losses, unless under

6

the circumstances it is clearly prudent not to do so; and (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter. 29 U.S.C. § 1104(a)(1).

49. 29 U.S.C. § 1105(a) imposes liability for breaches of co-fiduciaries.

50. Specifically, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances: (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (2) if, by his failure to comply with section 1104(a)(1) ["prudent man standard of care] of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach. 29 U.S.C. § 1105(a).

51. Here, when Defendant acted to partially deny payment for the medical bills at issue, and when they responded to the administrative appeals initiated by Plaintiff, they were clearly acting as a "fiduciary" as that term is defined by ERISA § 1002(21)(A) because, among other reasons, Defendant acted with discretionary authority or control to deny the payment and to manage the administration of the employee benefit plan at issue as described above.

52. Here, Defendant breached its fiduciary duties by: (1) failing to issue Adverse Benefit Determinations in accordance with the requirements of ERISA and applicable regulations; (2) participating knowingly in, or knowingly undertaking to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (3) failing to make

7

reasonable efforts under the circumstances to remedy the breach of such other fiduciary; and (4) wrongfully withholding money belonging to Plaintiff.

## CLAIM FOR RELIEF

A.     For an Order directing Defendant to pay Plaintiff $27,718.11;
B.     For an Order directing Defendant to pay Plaintiff all benefits Patient 1, Patient 2, and Patient 3 would be entitled to under the applicable insurance plans or policies issued by Defendant;
C.     For compensatory damages and interest;
D.     For attorney's fees and costs of suit; and
E.     For such other and further relief as the Court may deem just and equitable.

Dated: Oakland, NJ
February 3, 2023

                                      GOTTLIEB AND GREENSPAN, LLC
                                      *Attorneys for Plaintiff*


                                      By: /s/ Michael Gottlieb
                                      Michael Gottlieb
                                      169 Ramapo Valley Road, Suite ML3
                                      Oakland, NJ 07436
                                      (201) 644-0896